UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| BARRY BURNS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 2:18-cv-00100-D |
| | § | |
| RUDY MONTANO, in his individual capacity | § | |
| as a Randall County Sheriff Department | § | |
| Corporal, | § | |
| | § | |
| Defendant. | § | |

## PLAINTIFF'S DESIGNATION EXPERT WITNESSES

Plaintiff Barry Burns, in accordance with the Court's Scheduling Order, hereby identifies and designates the following expert witnesses, and would show as follows:

**I.   RETAINED EXPERTS**

**1.  Lt. Roger Clark (ret.)
10207 Molino Rd.
Santee, CA 92071
(208) 351-2458**

Lt. Clark is a twenty-seven year veteran of the Los Angeles County Sheriff's Department. He was a lieutenant for fifteen years before retiring in 1993. Among other duties, he served as an administrator/lieutenant at the Los Angeles County Men's Central Jail, which, during his tenure, incarcerated over 7,000 men, and provided hospital services. He also trained new officers in peace officer standards.

Lt. Clark has worked as a police and jail procedure expert since his retirement from active duty. He has testified as an expert on use of force, jail procedures and jail administration, investigations, police procedures, police tactics, investigative procedures, shooting scene reconstruction, and police administration in Arizona State Courts, California Courts, Washington State Courts and Federal Courts in Arizona, California, Colorado, Illinois, Indiana, Louisiana, Missouri, Oregon, Nevada, New Mexico, Ohio, Pennsylvania, Texas, Utah and Washington. He has testified before the Los Angeles Police Department Board of Rights and the Los Angeles County Civil Service Commission. He testified before the Harris County (Texas) Grand Jury. He has also submitted written opinions in state and federal courts in matters in Alaska, Florida, Idaho, Montana, North Carolina, Oregon and Wyoming.

Lt. Clark was recognized as an expert in police administration and use of force by the Ninth Circuit Court of Appeals in *Blankenhorn v. City of Orange*, 485 F.3d 463, 485 (9th Cir. 2007) and *Torres v. City of Los Angeles*, 540 F.3d 1031, 1042-43 (9th Cir. 2008). The Ninth Circuit relied on his expert testimony regarding jail administration in *Starr v. Baca*, 2011 WL 2988827 (9th Cir. 2011). The Fifth Circuit has relied on his opinions in *Bishop v. Arcuri*, 674 F.3d 456 (5th Cir. 2012).

Lt. Clark's opinions will be based on the evidence provided to him thus far, including the official incident report, Cpl. Montano's deposition, witness statements, squad car video recording of Plaintiff while detained in Officer Montano's vehicle, audio recordings of the 911 call, audio recording of radio communications between responding officers and fire department personnel, Randall County Sheriff's Office Policy Manuals, and everything referenced in his report. Lt. Clark reserves the right to review and update his opinions regarding any expert reports disclosed by Defendant, any materials relied upon by them, or any other materials subsequently provided to him.

Expected exhibits to which he may refer are not fully known at this time, but are expected to include the photos and diagrams of the scene, the deposition testimony, the squad car video, any report of this witness or other expert witnesses and the testimony of any other witnesses, documents produced in this case, and relevant literature he may have reviewed. Plaintiff will supplement the list of expected exhibits and testimony as discovery proceeds and before the trial in this case.

Lt. Clark's fee schedule is provided with these disclosures. He will be paid a fee of $250/hour for report writing and consulting, and $350/hour for testimony. If required to travel outside the San Diego area, he will be paid $50/hour for travel time. To date, Lt. Clark has been paid a $3,500 retainer.

Lt. Clark will testify regarding all matters contained in his report and may testify regarding matters contained in Defendant's expert(s) reports, depositions, or subsequent disclosures. In summary, Lt. Clark will testify that Officer Montano used excessive force when he detained Mr. Burns. Lt. Clark will testify that Mr. Burns had a right to be on his property, that no reasonable officer could believe Mr. Burns was interfering with a crime scene, and that Mr. Burns had a lawful right to express his concerns about Cpl. Montano's conduct at the scene to Cpl. Montano. Lt. Clark will testify that even if Cpl. Montano had the lawful authority to arrest Mr. Burns (though he did not), that any use of force was still excessive. Lt. Clark will testify that, given the totality of the circumstances, and considering the factors evaluated by a reasonable officer, that using force against Mr. Burns was unlawful as Mr. Burns was not a suspect in any crime, was not an immediate danger to Cpl. Montano or any other person, and was not resisting or evading arrest. Lt. Clark will also testify that, based on his experience as a police investigator, that Mrs. Vaughan had a better view of the relevant events than Mr. Warren, who was located much farther away, behind the police vehicle, and at a lower topographic location than Mrs. Vaughan. Lt. Clark's opinions are more thoroughly detailed in his report, which has been produced contemporaneously to the Defendant.

  Lt. Clark's opinions are more fully detailed in his expert report, which has been produced to the Defendant contemporaneously, and is incorporated herein, along with his CV, fee schedule, and list of cases he has testified in during the past four years.

**2. Dr. James Parker, M.D.**
**7000 W. 9th Avenue**
**Amarillo, Texas 79159**
**806-350-2663**

  Dr. Parker is a board-certified orthopedic surgeon, and has practiced medicine for more than twenty years. He graduated from Baylor University in 1992 before attending medical school at the University of Texas Health Science Center in Houston, where he graduated with his Doctor of Medicine in 1996. He is a member of the American Academy of Orthopedic Surgeons, the Texas Orthopedic Association, and the Texas Society of Sports Medicine. He has operated his own practice, Parker Sports Medicine and Orthopedics, in Amarillo, Texas, for the past thirteen years. His experience is described more fully in his C.V., which has been contemporaneously produced to the Defendant.

  Dr. Parker's opinions will be based upon his treatment of Plaintiff's injuries, his extensive medical experience and training, the records of Plaintiff's other treating physicians, any applicable material relied upon by Defendant's experts, and any applicable opinions, testimony, or reports by Defendant's experts. Dr. Parker reserves the right to review and update these opinions, as Plaintiff's treatment is ongoing.

  Dr. Parker will testify that as a result of Officer Montano's excessive use of force, Plaintiff suffered severe injuries to both of his shoulders and his right knee. He will testify that Plaintiff's injuries were so severe that he had to perform a left shoulder scope with rotator cuff repair, subacromial decompression, and distal clavicle excision. Dr. Parker will opine that Plaintiff's treatment for these injuries is ongoing, and that successful treatment of these injuries will require multiple additional surgeries, including two additional shoulder surgeries and a knee surgery. Dr. Parker will further opine that these future surgeries will cost Plaintiff at least $22,000.00 dollars in future medical expenses (excluding cost of facilities, anesthesia, and follow up care). Dr. Parker will also testify that all of Plaintiff's medical treatment to date was reasonable and necessary

  Dr. Parker's opinions are more fully detailed in his expert report, which has been contemporaneously produced to the Defendant, along with his CV, and fee schedule. Dr. Parker has no publications in the past ten years, and has not testified in any cases during the past four years. Dr. Parker may use relevant anatomical drawings or models during his trial testimony. Dr. Parker may also refer to relevant medical records and imaging during his trial testimony.

3. **Dr. Bejan Daneshfar, M.D.**
   **24 Care Circle**
   **Amarillo, Texas 79124**
   **806-353-6100**

   Dr. Daneshfar is a board-certified pain management specialist, and has been practicing medicine for over thirty years. Dr. Danseshfar graduated from the University of Missouri School of Medicine with honors, before going on to serve in the U.S. Air Force Medical Corps from 1986 to 1990. Dr. Daneshfar directed multiple departments at the Wilford Hall Airforce Medical Center. Dr. Daneshfar formed the Acute & Chronic Pain and Spine Center in Amarillo in 1996, and serves as its CEO and medical director.

   Dr. Daneshfar's opinions will be based on his treatment of Plaintiff's injuries, his extensive medical experience and training, the records of Plaintiff's other treating physicians, any applicable material relied upon by Defendant's experts, and any applicable opinions, testimony, or reports by Defendant's experts. Dr. Daneshfar reserves the right to review and update these opinions, as Plaintiff's treatment is ongoing.

   Dr. Daneshfar will testify that as a result of Officer Montano's excessive use of force, Plaintiff suffered painful injuries to his thoracic and cervical spine. He will testify that Plaintiff's injuries were so severe that he had to perform multiple diagnostic blocks, and radiofrequency thermocoagulations. Dr. Daneshfar will opine that Plaintiff's treatment for these injuries is ongoing, and that even with continuing treatment, these injuries will continue to cause significant pain for the remainder of the Plaintiff's life, and incur significant future medical expenses. Dr. Daneshfar will further testify that Plaintiff will require multiple future procedures as a result of this incident, and as to the costs of these future procedures. All of Dr. Daneshfar's opinions are to a reasonable degree of medical certainty.

   Dr. Daneshfar's opinions are more fully detailed in his expert report, which will be produced to the Defendant, along with his CV, fee schedule, and list of cases he has testified in during the past four years. Dr. Daneshfar has no publications in the past ten years. Dr. Daneshfar may use relevant anatomical drawings or models during his trial testimony. Dr. Daneshfar may also refer to relevant medical records and imaging during his trial testimony.

4. **Attorneys' Fees**

   Jeff Edwards
   Scott Medlock
   EDWARDS LAW
   1101 E. 11th St.
   Austin, TX 78702
   (512) 623-7727

Tim Newsom
YOUNG & NEWSOM, PC
1001 S. Harrison, Suite 200
Amarillo, Texas 79101
806-331-1800

Joe L. Lovell
112 SW 8th St., Suite 1000
Amarillo, TX 79101
(806) 373-1515

Charles "Chuck" Herring, Jr.
Jason Panzer
HERRING & PANZER
1411 West Avenue, Suite 100
Austin, TX 78701
(512) 320-0665

Jeremy Doyle
REYNOLDS FRIZZELL
1100 Louisiana, Suite 3500
Houston, TX 77002
(713) 485-7200

    The above are Plaintiff's experts on attorneys' fees under the fee shifting provisions of 42 U.S.C. § 1988. They will testify as to the reasonableness and necessity of all attorneys' fees claimed at the close of the litigation, as well as the reasonable and customary fee claimed. Plaintiff intends to see attorneys' fees of $650/hour for Jeff Edwards, $550 for Michael Singley, $525/hour for Scott Medlock, $400/hour for David James, and $125/hour for work performed by legal assistants and paralegals that would otherwise be performed by attorneys, as these rates have been approved for counsel by the Southern District of Texas in *Cole v. Collier*, 2018 WL 2766028, *13 (S.D. Tex. June 8, 2018). Counsel will produce detailed billing records and affidavits attesting to the reasonableness and necessity of all hours claimed after judgment, as that is typically when attorneys' fees issues are litigated. Plaintiff will produce updated billing records at any reasonable time upon request from Defense counsel. Mr. Herring, Mr. Panzer, and Mr. Doyle have not produced reports at this time, as attorneys' fee matters are typically dealt with after judgment, but their biographies are being contemporaneously produced to Defendant. Should Plaintiff file a motion seeking attorneys' fees, detailed reports will be produced at that time.

## II.   NON-RETAINED EXPERTS

### 1. Medical Providers

The following are medical providers, including physicians, technicians, nurses, radiologists, physician's assistants, healthcare providers, clinics, hospitals and their

agents, representatives and employees, where, or by whom, Barry Burns received medical care and treatment as a result of Defendant's use of excessive force. Plaintiff identifies the following health care providers and their representatives as persons who may give factual testimony at the trial of this cause, including but not limited to what care they provided to Mr. Burns, his condition, injuries caused Montano's excessive force, treatment, and prognosis, and whether the medical records are true, complete, accurate, and made in the regular course and scope of business.

ER Now North – Emergency Center
2101 S. Coulter Street
Amarillo, Texas 79106
806-350-7744


First Care Chiropractic Massage
3434 S. Western Street
Amarillo, Texas 79109
806-358-0548


Preferred Imaging
14 Medical Drive
Amarillo, Texas 79106
806-355-5136

Quail Creek Physical Therapy
6900 John David Circle
Amarillo, Texas 79124
806-355-5244

Quail Creek Surgical Hospital
6819 Plum Creek Drive
Amarillo, TX 79106
806-354-6100

2. **Randall County Sheriff's Office**
   9100 S. Georgia Street
   Amarillo, Texas 79118
   806-468-5800

Officers, Employees, Representatives, Agents, and Staff and all other custodians of record of the Randall County Sheriff's Office, including but not limited to the following:

> Rudy Montano is the Randall County Sheriff's Deputy who used excessive force and wrongfully detained Barry Burns. He can testify to the facts described in the complaint, his experience, his training as a police officer, and any matters raised in his deposition.

>Other Randall County Sheriff's Office and County employees were involved in investigating the deceased woman found near Blue Sky airport and the events surrounding Montano's use of force. Their identities are known to Defendant Rudy Montano. Each is likely to have experience and expertise in police practices. These employees include, but are not limited to:
>Armando Adame, Deputy
>Danny Alexander, Sergeant (prepared news release)
>Kerry Blackerby, Deputy
>E. Chance Burdick, Deputy
>Blair Cody Christian, Deputy
>Austin James Davis, Deputy, CSI Technician
>Colby Larry Doak, Sergeant, CSI Technician (attended autopsy)
>Felipe Enriquez, Deputy
>Wayne Bruce Evans, Sergeant
>Edward Christopher Forbis, Officer
>Deputy Gibbs
>Benjamin B. Hall, Operator, Communications
>Colten Hamilton, Deputy
>Allan James Mongold, Sergeant
>Audra Gene Nuckols
>Dennis Rice, Lieutenant
>Scott A. Riley, Corporal
>Shelby Schultz (attended autopsy)
>Gage Stephenson (attended autopsy)
>Wayne Byron Towndrow, Sergeant (attended autopsy)
>Tegan Tupin, Sergeant
>Berkley Washburn, Operator, Communications
>Wayne Jared Wirt, Lieutenant, Patrol Division
>
>c/o Blair Saylor Oscasson
>SPROUSE SHRADER SMITH PLLC
>701 S. Taylor Street, Suite 500
>Amarillo, Texas 79101
>806-468-3300
>
>Sheriff Joel Richardson
>Randall County Sheriff's Office
>9100 S. Georgia Street
>Amarillo, Texas 79118
>806-468-5800
>
>Mr. Richardson is the current Sheriff of Randall County. He can testify to the practices and policies of the Randall County Sheriff's Office.

C.  Plaintiff reserves the right to elicit, by way of cross-examination, opinion testimony from experts designated or to be designated and called by other parties to the suit. Plaintiff also reserves the right to elicit, by way of cross-examination, opinion testimony from Defendant

and their employees. Plaintiff expresses their intention to possibly call, as witnesses associated with adverse parties, any of Defendant's experts. Plaintiff does not have any control over any such witness to be named by Defendant, nor do they have any superior right to ascertain the subject matter on which any such witness may testify and/or opinions held by any such witness, beyond the information disclosed in deposition testimony and/or by Defendant's discovery responses. In that regard, Plaintiff refers Defendant to Defendant's discovery documents, deposition testimony, and documents produced by Defendant for the subject matter, facts known, and opinions and impressions of these witnesses. Plaintiff reserves the right to obtain opinion testimony from any such witness within their area of expertise or related to this case, including Defendant.

D.  Plaintiff reserves the right to call undesignated rebuttal expert witnesses, whose testimony cannot reasonably be foreseen until the presentation of the evidence against the Plaintiff.

E.  Plaintiff reserves the right to withdraw the designation of any expert and to aver positively that any such previously designated expert will not be called as a witness at trial, and to re-designate same as a consulting expert, who cannot be called by opposing counsel.

F.  Plaintiff reserves the right to supplement this designation with additional designations of experts within the time limits imposed by the Court or any alterations of same by subsequent Court Order or agreement of the parties, or pursuant to the Texas Rules of Civil Procedure.

G.  Plaintiff reserves the right to elicit any lay opinion testimony at the time of trial which would be truthful, which would be of benefit to the jury to determine material issues of fact, and which would not violate any existing Federal Rule of Civil Procedure or Federal Rule of Evidence. Specifically, Plaintiff reserves the right to elicit such testimony from persons with knowledge of relevant facts who have been identified in response to discovery propounded to Plaintiff.

H.  Plaintiff reserves all additional rights he has with regard to experts pursuant to the Federal of Civil Procedure, the Federal Rules of Evidence, the case law construing same, and the rulings of the trial court.

I.  Plaintiff names all of those persons identified as having knowledge of relevant facts whose training and background enables them to testify as experts and who may be called as experts by any of the parties to this litigation. Furthermore, Plaintiff adopts the designation of experts of Defendant to this litigation, without necessarily adopting their opinions or validating their qualifications as experts.

J.  Plaintiff reserves the right to call former and current employees and/or representatives of Defendant as they are identified in discovery.

        **EDWARDS LAW**
        1101 East Eleventh Street
        Austin, Texas 78702
        Tel.  (512) 623-7727
        Fax. (512) 623-7729

      By  <u>/s/ Jeff Edwards</u>
        JEFF EDWARDS
        State Bar No. 24014406
        jeff@edwards-law.com
        SCOTT MEDLOCK
        State Bar No. 24044783
        scott@edwards-law.com
        MIKE SINGLEY
        State Bar No. 00794642
        mike@edwards-law.com
        DAVID JAMES
        State Bar No. 24092572
        david@edwards-law.com

        **YOUNG & NEWSOM, PC**
        TIM NEWSOM
        State Bar No. 00784677
        1001 S. Harrison, Suite 200
        Amarillo, Texas 79101
        Tel: 806-331-1800
        Fax: 806-398-9095

        **ATTORNEYS FOR PLAINTIFF**

CERTIFICATE OF SERVICE

By my signature above, I certify that a true and correct copy of the foregoing has been served on all counsel of record through the Electronic Case Files System of the Northern District of Texas. A true and correct copy is also being served on counsel of record for the defendant along with the experts' reports and other materials required by Federal Rule of Civil Procedure 26 by email and CMRRR.

By    /s/ Jeff Edwards
       Jeff Edwards